# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DANA RHEA SABILE,<br>Individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>   v.<br><br>MARKETSOURCE, INC.<br>(MARYLAND),<br><br>             Defendant. | Case No. 1:17-cv-05546-SCJ |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT
## AND DISMISSAL OF THE LAWSUIT WITH PREJUDICE

Plaintiff DANA RHEA SABILE and Defendant MARKETSOURCE, INC. (collectively, the "Parties"), by their attorneys and pursuant to Rule 41(a)(2) jointly move this Court to approve their proposed settlement in this matter as fair and reasonable and to dismiss this lawsuit with prejudice, with all rights of appeal waived, and with each side bearing its own attorneys' fees and costs, except to the extent provided for in the Settlement Agreement. In support of their joint motion, the Parties set forth below the basis for their request for relief.

## **MEMORANDUM IN SUPPORT**

1. Sabile filed her complaint on December 29, 2017, in the Northern District of Georgia, alleging overtime pay violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and California Labor Code Sections 510 and 1198. Defendant answered with a denial of all claims.

2. Defendant denies any wrongdoing under the FLSA or California law and maintains that Plaintiff was properly compensated such that her recovery should be $0. However, to avoid the costs and uncertainty of litigation, the Parties have negotiated a settlement in this matter.

3. Pursuant to the Settlement Agreement, Sabile will personally receive a total amount of $4,900.00 for settlement of the lawsuit, and her counsel will receive $6,500.00 for attorneys' fees and costs.

4. The Parties have exchanged information, engaged in extensive negotiation (with the amounts to be paid to Plaintiff and their counsel separately negotiated), and debated the merits of Plaintiff's claims and Defendant's defenses. Such efforts have resulted in the Parties being able to resolve all disputes in this lawsuit, and Plaintiff agrees that the Parties' Settlement Agreement represents a fair compromise of all claims in this lawsuit.

5.    Based upon the understandings and assessments of each Party, the Parties, acting at arm's length and in good faith and with the advice of counsel, have negotiated and entered into Settlement Agreement. The Parties represent that the Settlement Agreement is fair and equitable resolutions of this matter in light of the contested issues in this lawsuit.

6.    The Parties also reached a separate settlement for a general release of all claims that may arise out of Plaintiff's employment with Defendant. This separate settlement agreement is not being submitted to the Court for approval given its coverage of claims not brought in the instant lawsuit.

7.    Throughout this lawsuit, Plaintiff and Defendant were each represented by counsel experienced in litigating employment disputes, including FLSA lawsuits and lawsuits under state wage-hour laws, and Plaintiff has been represented by counsel at all times since the lawsuit was commenced.

8.    While Sabile included in her Complaint collective allegations under § 16(b) of the FLSA and class allegations under Rule 23, the Parties settled before Plaintiff filed any motions for certification. Any class and collective allegations are therefore moot. Thus, this lawsuit remained a single-plaintiff lawsuit, and the Settlement Agreement between the Parties resolves all issues in this lawsuit.

9. Not all courts agree as to whether the settlement of an FLSA claim must be approved by the Court when no collective or class has been certified and both sides are represented by competent counsel. Nevertheless, out of an abundance of caution, the Parties file their Settlement Agreement herewith as Exhibit A and respectfully request that the Court confirm that the Settlement Agreement is a fair and equitable compromise of disputed claims.

10. Because the attached Settlement Agreement resolves all issues in this lawsuit, dismissal of the lawsuit with prejudice should be granted when the Settlement Agreement is approved.

11. Plaintiff wishes to advise the Court that the attorneys' fees and costs being paid by Defendant pursuant to the attached Settlement Agreement is not a percentage of any recovery in this case. Defendant has agreed to pay the attorneys' fees and costs as set forth in the Settlement Agreement separate and apart from the amounts to be paid to Plaintiff. Plaintiff's attorneys have agreed to a compromise of fees owed to Plaintiff's counsel, and Plaintiff and Defendant have no further obligation to Plaintiff's counsel for any additional attorneys' fees and costs in this matter.

12. The Parties request that the Court review and approve their settlement and dismiss this action with prejudice.

## MEMORANDUM OF LAW

It is Defendant's position that *Lynn's Foods Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982), does not apply to this case that has remained a single-plaintiff lawsuit in which both Parties were represented throughout the settlement negotiations by competent counsel. If this Court nonetheless determines that *Lynn's Food Stores* applies such that the FLSA settlement must be reviewed, then the Court, under *Lynn's Foods Stores*, would need to determine that the compromise of the FLSA claim is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. Thus, out of an abundance of caution, Defendant has agreed with Plaintiff to move for approval of the Parties' settlement of the lawsuit.

Under *Lynn's Foods Stores*, if the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354; *see also Zavala v. Southeastern Flooring Contrs., Inc.,* No. 6:13-cv-1355-Orl-36KRS, 2014 U.S. Dist. LEXIS 192448 (M.D. Fla April 29, 2014) (J. Honeywell). As one district court within the Eleventh Circuit observed:

> Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. Many factors may be in play as the parties negotiate a compromise that is acceptable to both sides. The parties may disagree as to the number

5

> of hours worked by the plaintiff, the plaintiff's status as an exempt employee, or the defendant's status as a covered employer. In certain cases, the defendant may assert (or threaten to assert) a counterclaim arising from the employment relationship. If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. Rarely will the Court be in a position to competently declare that such a settlement is "unreasonable."

*Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009).

The Court in *Bonetti* further explained that, where the plaintiff's attorney fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Id.* at 1228; see also *Mack, et al v. CVS Caremark Corp., et al,* No. 1:12-cv-01808-SCJ (N.D. Ga. Aug. 2, 2013) (Jones, J.) (Doc. 59) (citing *Bonetti,* 715 F. Supp. 2d at 1228*,* and granting the parties' joint motion for approval of settlement agreement without analyzing reasonableness of attorneys' fees, where the parties agreed that the attorneys' fees were negotiated separately from the amounts to be received by plaintiffs).

This case clearly involves a dispute in which the Court may allow Plaintiff in this action to settle and release her FLSA claims against MarketSource. First, the

proposed settlement arises in an adversarial context, with pending litigation and with the Parties represented by competent and experienced counsel in FLSA claims. Indeed, the Parties have participated in an extensive fact investigation, and conducted a comprehensive review of Plaintiff's available pay and time records and exchanged numerous communications on the merits of the claims and defenses at issue, in order to develop the factual and legal issues impacting the Parties' claims and defenses.

Additionally, the FLSA and California labor law claims asserted against MarketSource involve *bona fide* disputes about liability and damages and, consequently, the Agreement represents a reasonable compromise of the disputed issues. Plaintiff claims that she routinely worked hours off the clock for which MarketSource did not pay her overtime compensation. MarketSource, on the other hand, denies liability to Plaintiff on the grounds that she was properly classified as exempt under the FLSA and additionally contends that Plaintiff's estimates of her weekly work hours are unrealistic, exaggerated, and/or include time that is not legally compensable under the FLSA.

During settlement conferences, the Parties and their counsel considered their competing evidence (including pay records, and legal opinions on compensable time) and legal arguments (including liability standards, defenses), and exchanged

competing damage estimates and calculations based on various assumptions and scenarios for the Plaintiff. The Parties compromised and negotiated a settlement wherein MarketSource, without admitting liability, will pay Plaintiff what both Parties agree is a reasonable compromise of the overtime wages potentially at issue, including liquidated damages.

MarketSource contends that liquidated damages are unwarranted and that Plaintiff could not carry her burden of proving that a 3-year statute of limitations would apply to the FLSA claim because there is no evidence of willfulness. Nonetheless, without making an admission regarding the propriety of liquidated damages concerning Plaintiff, MarketSource has agreed to provide a reasonable compromise to include liquidated damages despite the belief that had the Parties continued on with litigation, the Court would find such damages not awardable.

The settlement amount was obtained through arm's length, good faith negotiations over months of discussions. In exchange, Plaintiff agreed to release all claims related to her claims for unpaid wages under the FLSA and California law, and agreed to the dismissal of this action, and all claims in it, with prejudice. The combination of purported back wages and liquidated damages that MarketSource has agreed to pay is $4900, which represents 42% of Plaintiff's self-estimated overtime wages, assuming application of a 3-year statute of limitations.

The Parties agree that Plaintiff's settlement amount, along with the various covenants contained within the Agreement, are fair in light of the Parties' competing contentions. Plaintiff's counsel believes that the claims in this action have merit and that the evidence to date supports the claims. However, Plaintiff recognizes that MarketSource has certain potential defenses to liability and damages, and acknowledges the expense and delay of continued lengthy proceedings necessary to prosecute this action against MarketSource through trial and appeal. Plaintiff's counsel and Plaintiff have taken into account the uncertain outcome and risk of any litigation, as well as the difficulties and delays inherent in such litigation. Plaintiff further recognizes that there is the potential for a trier of fact to conclude that Plaintiff is not entitled to relief under the FLSA (meaning a $0.00 recovery), and even that the amounts agreed upon may be more than awarded by the trier of fact. Plaintiff's counsel believes that the Settlement Agreement confers substantial benefit upon the Plaintiff, and that independent review of the Agreement by the Court in the approval process will confirm this. Plaintiff, with the assistance and recommendation of his counsel, and facilitated by an exchange of records and discussions with defense counsel, has concluded that the Agreement is in her best interests and is a fair and reasonable compromise of her claims for wages.

MarketSource believed and continues to believe that Plaintiff was properly classified as exempt from the overtime pay requirements and thus is not legally entitled to any overtime wages. Moreover, MarketSource maintains that it has various factual and legal defenses that it could successfully assert in this action to limit any damages in the event it were not able to prevail in the entirety on the merits, including the good faith defense to liquidated damages. Nonetheless, MarketSource has concluded that the further conduct of the action would be protracted and expensive, and that it is desirable that the action be fully and finally settled in a manner upon the terms and conditions set forth in the Agreement in order to limit further expense, inconvenience, and distraction. MarketSource has taken into account the uncertainty and risks inherent in any litigation. MarketSource, therefore, has determined that it is desirable and beneficial to it that the action be settled in the manner set forth in the Agreement.

Finally, the Parties advise the Court that the attorneys' fees and costs to be paid by MarketSource under the Agreement are not based upon the amounts claimed to be owed to the Plaintiff or the sum MarketSource agreed to pay Plaintiff for wages, such that there is no correlation between the amount of consideration to be paid to the Plaintiff and the attorneys' fees or costs to be paid by MarketSource to Plaintiff's counsel. Rather, the claimed attorneys' fees and costs in this case were

analyzed and reviewed, and separately negotiated from the wages MarketSource agreed to pay the Plaintiff in the Agreement, and after first agreeing to a sum in wages to be paid to the Plaintiff. Again, as explained in *Bonetti*:

> [where] the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach.

715 F. Supp. 2d at 1228. In the instant case, the attorneys' fees and costs agreed to be paid by MarketSource to Plaintiff's counsel were negotiated separately and without regard to the amount MarketSource has agreed to pay to Plaintiff. As such, the recovery by Plaintiff was not adversely affected by the amount of the attorneys' fees and costs paid to Plaintiff's counsel.

In sum, Plaintiff is represented by competent counsel, and the settlement amounts and terms were the subject of extensive negotiation. The Agreement represents a fair and reasonable compromise of Plaintiff's claims – including issues involving liability, computation of overtime wages, and application of various defenses, all of which were actually in dispute – and should be approved by the Court.

## CONCLUSION

WHEREFORE, the Parties respectfully request that this Court enter the Order attached as Exhibit "B": (1) approving the Parties' Settlement Agreement; and (2) dismissing this lawsuit with prejudice, with all rights of appeal waived, and with each side bearing its own attorneys' fees and costs, except to the extent provided for in the Settlement Agreement.

## CERTIFICATE OF FONT SIZE

Pursuant to Local Rule 7.1(D), undersigned counsel for the Parties certify that this memorandum has been prepared in Times New Roman 14 point, one of the fonts approved in Local Rule 5.1(B).

Respectfully submitted this 13th day of June, 2018.

*s/ Mitchell L. Feldman*
Mitchell L. Feldman
mitch@feldmanwilliams.com
Feldman Williams PLLC
6940 W Linebaugh Ave Ste 101
Tampa, FL 33625-5823
813-639-9366
Fax: 813-639-9376

*Counsel for Plaintiff*

*s/ Louisa Johnson*
Brett C. Bartlett
Georgia Bar No. 040510
bbartlett@seyfarth.com
Louisa Johnson
Georgia Bar No. 391805
ljohnson@seyfarth.com
Katherine M. Smallwood
Georgia Bar. No. 698979
ksmallwood@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 881-5467

Facsimile: (404) 724-1667
*Counsel for Defendant*